17 F.(2d)—21

STURCHLER v. HICKS, Alien Property Custodian, et al.

(District Court, E. D. New York. April 16, 1926.)

1. War ⟨=12—Plaintiff, seeking to recover property seized by Alien Property Custodian, has burden of proof (Trading with the Enemy Act Oct. 6, 1917, § 1, and Act March 4, 1923, § 1 [Comp. St. §§ 3115½a, 3115½e]).

Under Trading with the Enemy Act Oct. 6, 1917, § 1, and Act March 4, 1923, § 1 (Comp. St. §§ 3115½a, 3115½e), burden of proof of right to recover property seized by Alien Property Custodian is on plaintiff.

2. Courts ⟨=311—Federal court of district in which administrator of alien resided held to have jurisdiction of suit against Alien Property Custodian, though administrator was appointed and estate was being administered in another district (Trading with the Enemy Act March 4, 1923, § 1 [Comp. St. § 3115½e]).

Federal District Court for the Eastern District of New York held to have jurisdiction, under Trading with the Enemy Act March 4, 1923, § 1 (Comp. St. § 3115½e), of suit against Alien Property Custodian to recover property alleged to have belonged to deceased alien, where administrator resided in Nassau county, Eastern district, notwithstanding estate was being administered and administrator was appointed in New York county, Southern district.

3. War ⟨=12—Evidence held insufficient to show that property sought to be recovered from Alien Property Custodian belonged to deceased alien at time of death (Trading with the Enemy Act Oct. 6, 1917, § 1, and Act March 4, 1923, § 1 [Comp. St. §§ 3115½a, 3115½e]).

In suit against Alien Property Custodian under Trading with the Enemy Act Oct. 6, 1917, § 1, and Act March 4, 1923, § 1 (Comp. St. §§ 3115½a, 3115½e), by administrator of deceased alien, evidence held insufficient to show that property sought to be recovered belonged to decedent at time of her death.

4. United States ⟨=111—Assignment of claim against Alien Property Custodian, if established, held assignment of claim against government, void under statute (Rev. St. § 3477 [Comp. St. § 6383]).

Assignment of interest in property previously seized by Alien Property Custodian, if established, held assignment of claim against the government, void under Rev. St. § 3477 (Comp. St. § 6383).

In Equity. Suit by Theophile Sturchler against Frederick C. Hicks, Alien Property Custodian, and another. Complaint dismissed.

Avery & Whiting, of New York City (Earl B. Barnes, of New York City, of counsel), for plaintiff.

William A. De Groot, U. S. Atty., of Brooklyn, N. Y. (Thomàs E. Rhodes, Sp. Asst. Atty. Gen., of counsel), for defendants.

INCH, District Judge. This is a suit in equity, brought by plaintiff as administrator of the estate of Martha Elizabeth Peipers, deceased, to recover certain property alleged to have belonged to said decedent at the time of her death.

The suit is brought against the Alien Property Custodian and the Treasurer of the United States.

The right, if any, of this administrator to recover, is dependent entirely on statute, to wit, the act known as the Trading with the Enemy Act (Act October 6, 1917, c. 106, § 1 [40 Stat. 411], being Comp. St. § 3115½a; Act March 4, 1923, c. 285, § 1 [42 Stat. 1511], being Comp. St. § 3115½e).

[1] Unless therefore authority is shown plainly to exist in said statute there can be no recovery in this suit. The burden of proof to show facts in accordance with the above rests on plaintiff.

The record of the trial is informal. The defendant offered no proof in rebuttal, while the plaintiff contented himself with offering in evidence ten exhibits and entering into a stipulation with the defendant by which the testimony of a witness should be taken by deposition and submitted later to the court.

Counsel for plaintiff thus stated the purpose of such testimony: "We are endeavoring to have here by 2 o'clock a relative of the family who can testify that this lady (Mrs. Kate Von Reichenau, a daughter of decedent) is the sole heir at law and that she is entitled to the property." This deposition was duly taken March 23, 1926, and submitted.

The exhibits, above mentioned, consist of:

Exhibit 1. A certified copy of letters of administration dated August 6, 1925, by the surrogate of New York county, on the estate of Martha Elizabeth Peipers, who died a resident of Germany. (The administrator resides in Nassau county.)

Exhibit 2. A certificate from the clerk of the Southern District Court, New York County, showing that the administrator is still acting.

Exhibit 3. The file of the Department of Justice, showing the granting by President Harding on June 19, 1923, of the application of Martha Elizabeth Peipers for executive allowance and the return of property held by the Alien Property Custodian. (This property was different property from that now in question.)

Exhibit 4. Report of the Guaranty Trust Company to the Alien Property Custodian, showing that it reported to the Custodian that it held 20 bonds of the Chicago, St. Louis & New Orleans Railroad Company, registered *in the name of said daughter, Kate Von Reichenau* for account of the Deutsche Bank of Berlin.

Exhibit 5. Report of Speyer & Co. to the Alien Property Custodian, showing that it held for account of the Deutsche Bank a $500 bond of the Central Pacific Railway.

Exhibit 6. A report of Mueller, Schall & Co. to the Alien Property Custodian, showing that it held for the account of the Deutsche Bank 45 shares of the German American Bank of New York *in the name of said Kate Von Reichenau.*

Exhibit 7. A certified extract from the books of the Deutsche Bank, showing that the above 20 bonds of the Chicago, St. Louis & New Orleans, $500 of the Central Pacific Railway, and 45 shares of the German American Bank, had been held by it from December 31, 1916, *until August 19, 1920,* as the property of Mrs. Hugo Peipers (the said Martha Elizabeth Peipers).

Exhibit 8. Certificate of marriage of the said daughter of the decedent to Von Reichenau.

Exhibit 9. Photostat copy of the certificate of naturalization of the father of said Kate Von Reichenau.

The above is all the record. There was no motion made by either party for judgment, but apparently the record is intended to represent a completed trial, and I shall accordingly deem that both sides intended to and did rest, and that the case is submitted to me as if this formally appeared on the record. Both sides have submitted briefs, and plaintiff must stand or fall on this record.

The estate of the decedent is being administered in New York county, Southern district, of New York. A court of that county appointed the administrator.

[2] The statute in question (Act March 4, 1923) provides: "Said claimant may institute a suit in equity * * * in the District Court of the United States for the district in which such claimant resides." The administrator resides in Nassau county, Eastern district, of New York. This court (Eastern district) has jurisdiction. New York Evening Post Co. v. Chaloner (C. C. A.) 265 F. 204.

[3] Coming to the merits, it appears that decedent, Martha Elizabeth Peipers, was borne in New York City of American parents and married Hugo Peipers October 10, 1867. The marriage occurred in New York City. Mr. Peipers at that time was a German subject, but five years afterwards became an American citizen. Mrs. Peipers therefore was a citizen of the United States, who prior to April 6, 1917, intermarried with a subject of the King of Prussia, which state was later incorporated in the German Empire. Mr. and Mrs. Peipers continued for some years to reside in New York, and during that time apparently two children were born to them, a son, Hugo Peipers, who died, and a daughter, the said Kate Peipers Reichenau, who continued to reside with her parents until she was about 18 years of age, when her father and mother and herself all went to Germany to live. Mr. Peipers thereafter died. The said Kate Peipers, after being abroad about four years and on October 9, 1891, married in Germany, a German subject Franz Von Reichenau.

On December 31, 1922, Mrs. Von Reichenau's mother (the said decedent) died in Germany, so that I am satisfied from the proof submitted that the said Kate Von Reichenau is the sole next of kin and heir at law of said decedent. She, however, is not the plaintiff here. The plaintiff is the administrator of the estate of her mother. This is a distinction which must not be lost sight of in view of the statute.

The natural desire to see an American born girl get property, which under ordinary circumstances she would undoubtedly receive, must yield to the statute.

Plaintiff has offered in evidence (Exhibit 3) the application and allowance by which it would appear that Martha Elizabeth Peipers (the decedent) claimed the return to her of securities and cash valued at some $52,000. This application bears the date of May 25, 1923. It was duly allowed by the President June 19, 1923, and apparently the money was paid. The value of this exhibit consists in the detailed facts as to Mrs. Peipers' citizenship, marriage, etc., all of which are there fully gone into, and, while the securities were different from those now sought to be recovered, I deem it sufficient to avoid the necessity of re-proving here such facts as are material. Defendant withdrew its objection to this exhibit.

The following appears from the statement of the Acting Attorney General, attached to said application as follows: "My dear Mr. President. This claim is presented by William Schall as *attorney in fact* on behalf of Martha Elizabeth Peipers for the return of securities and cash of the value of $52,076.97."

The application therefore was made by "an attorney in fact," and yet it is now proved conclusively that the said claimant, Martha Elizabeth Peipers, had then been dead almost six months. Her death would seem to have completely annulled any "attorney in fact," and it would seem to have been some one's duty on behalf of that claimant to have brought to the attention of the government such death and revocation of the power of attorney. The Act of March 4, 1923, specifically provides for the claim to be made by an executor or an administrator under such circumstances *with the giving of a bond*.

I have mentioned this, for the reason that it is now claimed before me or apparently it must be so claimed, that the estate of the said decedent then also consisted of these securities now in question, to wit: Of the bonds of the Chicago, etc. Railroad Company, the bond of the Central Pacific, and the 45 shares of bank stock, and an administrator of decedent's estate would have naturally endeavored to take possession of such securities if they had been a part of the estate.

Instead of that, we find no such effort, and the only inference that I can draw from this failure would be that, on or about May 25, 1923, the securities now in question before me were not then considered the property of decedent, and therefore it was deemed immaterial whether or not a bond should be given by an administrator, although in my opinion this did not cure the defect in the application granted. A fair inference also would be that the property now in question had not at that time been seized by the government.

With this failure to claim the assets now in question in mind we come to the present application.

Plaintiff shows that, prior to January 1, 1917—that is, on and before December 31, 1916—decedent did own the bonds and bank stock in question. It therefore is plain that these securities were not obtained by Mrs. Peipers directly or indirectly from any citizen or subject subsequent to January 1, 1917.

It, however, also appears that on August 19, 1920, two years before Mrs. Peipers died, these particular securities whether through gift or in some other manner became *jointly* owned by Mrs. Peipers and her daughter the said Mrs. Kate Von Reichenau.

This means, in the absence of some law to the contrary, that each owned the securities, and that the survivor would take complete title. It is probably this fact that explains, why, according to the proof of plaintiff, on March 21, 1923, *three months after the death of Mrs. Peipers,* the Deutsche Bank transferred the *entire title* to the said Mrs. Kate Von Reichenau. Otherwise we would have another inconsistency of one who had previously died transferring title. Apparently at the end of that year 1923 the account was still being carried as the sole property of said daughter.

[4] If these securities had been actually *seized* by the government, prior to said August 19, 1920, so that all that Mrs. Peipers could have legally transferred, in order to constitute her daughter a joint owner, or a sole owner, was an assignment of a claim against the government, the same, under section 3477, Rev. Stat. (Comp. St. § 6383), would be "absolutely null and void," and this administrator would possibly be the proper person to make the claim, regardless of what had been attempted to be done by the owner of the claim.

It comes therefore to this: Was this right to the securities a claim, because of a prior seizure, when the daughter became the joint or later the sole owner? The only evidence on this point is contained in the pleadings and the inferences to be drawn from the facts proved. The burden of proving that only a claim existed on August 19, 1920, rested on plaintiff.

Considerable informality is found in defendant's answer. Permission was given, on consent, and by order, that defendant could amend its answer in certain particulars, but, so far as I can find, no amended answer was ever filed, the parties contenting themselves with the said order and the proposed amendments on which it was based.

Treating this order, etc., and the original answer as the amended answer, I find nothing therein to contradict the *express* allegation contained in the complaint, which is as follows: "Eleventh. Upon information and belief, said Kate Von Reichenau, in whose name certain of said securities were registered *at the time of their seizure* by the Alien Property Custodian."

The securities here in question are of substantial value. It is now claimed that they belong to decedent. She died in 1922. On May 25, 1923, a claim was made by her or for her to get back her property. It is not reasonable to suppose she overlooked these securities of many thousand dollars. It is more reasonable to infer, it seems to me, that they were considered by her as the property of her daughter, and (as we assume) that they had not been seized until after August 19, 1920.

It would therefore seem to follow that, if the property was not seized until *after* title had passed from mother to daughter, either jointly or entirely, such transfer was legal and placed the ownership at the time of seizure in the daughter and not in the mother's estate. The daughter, as we have seen, was and is the wife of a German subject.

I am convinced also that even the plaintiff believes that the daughter owned these securities upon the death of her mother, and there is persuasion to this view, in the fact, that, in the said eleventh paragraph of the bill of complaint, an attempt is now made to give up this title by the following allegation: "Prior to the commencement of this suit said Kate Von Reichenau *duly assigned* all her right, title, and interest in and to the securities here above described, with the accrued dividends and interest thereon, to the plaintiff as administrator of the estate of Martha Elizabeth Peipers, decedent, and the plaintiff as such administrator is now the owner," etc.

No assignment was put in evidence, but, as the property in question has been admittedly *seized* before such assignment, if any was made, it would be absolutely null and void, in accordance with the said statute relating to assignments of claims against the United States.

The daughter, therefore, being the owner of the securities (so far as the proof before me goes), the administrator, under the circumstances and after a seizure cannot act as assignee of or for her, nor would this place the title back in the decedent's estate.

Plaintiff, on the proof before me cannot recover something that apparently does not belong to decedent's estate, nor can he recover as assignee of the daughter's claim. It is not necessary for me to decide whether or not the daughter can recover, in her own name.

This suit would seem to be an indirect attempt to recover, for the daughter, property, which she may not be able to recover directly, because of the statute.

The proof before me indicates that the administrator has not sustained the burden which rested upon him of proving by a fair preponderance of evidence that the property in question belongs to the estate of decedent and that his claim is within the statute.

The complaint is dismissed.